# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

_____
                              :
THOMAS E. PEREZ,               :
Secretary of Labor,            :
United States Department of Labor,   :
                              :
                 Plaintiff,   :     Civil Action No. 1:14-cv-269
                              :
          v.                  :
                              :
THE OHIO BELL TELEPHONE   :
COMPANY, a Corporation      :
                              :
                              :
                              :
                Defendant.  :
                              :
_____:

## COMPLAINT

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action for injunctive and other relief pursuant to the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970 (the Act) (84 Stat. 1590, 29 U.S.C. 651 et seq.).

### I.

Jurisdiction of this action is conferred upon the Court by Section 11(c) (2), (29 U.S.C. 660(c) (2)) of the Act.

1

## II.

Defendant, The Ohio Bell Telephone Company, doing business as AT & T, for the time pertinent herein was engaged in providing communications and entertainment services at various locations throughout Ohio, with a main office at 45 Erieview Plaza, Cleveland, Ohio 44114, within the jurisdiction of this Court.

## III.

(a)    William Duff has been employed by Defendant from 1996 to the present date, as a customer service specialist (CSS) at Defendant's workplace located at 3522 Middle Branch Road in Canton, Ohio 44705.

(b)    Mr. Duff was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)    On May 5, 2012, Duff reported a work-related injury to his supervisor, Beth Vincent.  The injury occurred while Duff was removing a 28-foot extension ladder from a work area located at 3033 Twinshill Street, N. Canton, Ohio.  The ladder became caught in foliage, causing Duff to pull a muscle in his back.

(d)    As a result of the work-related injury, Duff sought medical treatment on May 11, 2012, and was not released back to work by his doctor until May 21, 2012.

(e)    On May 21, 2012, Defendant conducted an investigation of Duff's accident.  Defendant determined that Duff had violated its policy on safe use of ladders, though no specific safety rule or section of the ladder policy was cited.

(f)     On June 22, 2012, Duff was issued a written disciplinary warning and assessed a one-day unpaid suspension.  Duff served his unpaid suspension on June 27, 2012.

## IV.

(a)     On or about June 26, 2012, Duff lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Duff for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## V.

(a)     John Parente has been employed by Defendant from 1994 to the present date, as a customer service specialist (CSS) at Defendant's workplace located at 1055 Valley Belt Road in Brooklyn Heights, Ohio 44131.

(b)     Mr. Parente was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On December 12, 2011, Parente reported a work-related injury to his supervisor, Sherri Fowler.  The injury occurred while Parente was descending a ladder at a customer's premises at 10701 Royalton Road, North Royalton, Ohio.  Parente missed the last rung of a ladder and stumbled into the corner of a metal conduit box, fracturing a rib.

(d)     As a result of the work-related injury, Parente sought medical treatment and did not return to work for approximately six weeks.

(e)     On or about February 6, 2012, Defendant conducted an investigation of Parente's accident.  Defendant determined that Parente had violated its policy on safe use of ladders, though no specific safety rule or section of the ladder policy was cited.

(f)     On February 10, 2012, Parente was issued a written disciplinary warning and assessed a one-day unpaid suspension.  Parente served his unpaid suspension on February 15, 2012.

## VI.

(a)     On or about February 14, 2012, Parente lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Parente for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## VII.

(a)     Todd Fensel has been employed by Defendant from January 2, 2001 to the present date, as a customer service specialist (CSS) at Defendant's workplace located at 1055 Valley Belt Road in Brooklyn Heights, Ohio 44131.

(b)     Mr. Fensel was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On January 5, 2012, Fensel reported a work-related injury to his supervisor, Kenneth Johnson.  The injury occurred the previous day, January 4, 2012, while Fensel was performing a required check of his vehicle at a work area located at 4268 W. 58th Street, Cleveland, Ohio.  Fensel slipped on black ice covered by a light snowfall.  Fensel reached out to his truck to break his fall, spraining his shoulder in the process.

(d)     As a result of the work-related injury, Fensel sought medical treatment but did not miss work time.

(e)     On February 3, 2012, Defendant conducted an investigation of Fensel's accident.  Defendant determined that Fensel had violated its policy on prevention of falls, though no specific safety rule or section of the policy was cited.   Defendant found that Fensel should have worn ice grip shoes rather than company issued non-skid boots.

(f)     On February 7, 2012, Fensel was issued a written disciplinary warning and assessed a one-day unpaid suspension.  Fensel served his unpaid suspension February 9, 2012.


## VIII.

(a)     On or about February 13, 2012, Fensel lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Fensel for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## IX.

(a)     Rodd Morris has been employed by Defendant since November 1999 as a customer service specialist (CSS) at Defendant's workplace located at 7250 Whipple Avenue NE in Canton, Ohio 44720.

(b)     Mr. Morris was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On March 19, 2012, Morris reported a work-related injury to his supervisor, Joshua Myers.  The injury occurred while Morris was removing a 28-foot extension ladder from the top of his vehicle at a work area located at 2761 Brouse Street, NW, Lake Township, Ohio.  While removing the ladder, Morris stepped in a drain hole and injured his back.

(d)     As a result of the work-related injury, Morris sought medical treatment but did not miss work time.

(e)     On April 5, 2012, Defendant conducted an investigation of Morris's accident.  Defendant determined that Morris had violated its policy on safe use of ladders, though no specific safety rule or section of the ladder policy was cited.

(f)     On April 9, 2012, Morris was issued a written disciplinary warning and assessed a one-day unpaid suspension, to be served that day.  Morris served his unpaid suspension on April 9, 2012.

## X.

(a)     On or about April 9, 2012, Morris lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Morris for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## XI.

(a)     Andrew Brian Gibson has been employed by Defendant from January 1, 2001 to the present date, as a customer service specialist (CSS) at Defendant's workplace located at 4225 State Route 160 in Gallipolis, Ohio 45631.

(b)     Mr. Gibson was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On January 11, 2012, Gibson reported a work-related injury to his supervisor, Scott McManaway.  The injury occurred while Gibson was using a ladder to replace a closure on a telephone cable at a work area located at 643 State Route 790, Crown City, Ohio.  While stepping off the ladder, Gibson slipped on wet grass and let go of the ladder. The ladder fell and hit Gibson in the knee, causing a severe bruised bone.

(d)     As a result of the work-related injury, Gibson sought medical treatment on January 12, 2012, and was off work for two weeks.

(e)     On February 13, 2012, Defendant conducted an investigation of Gibson's accident.  Defendant determined that Gibson had violated its policy on prevention of falls, though no specific safety rule or section of the policy was cited.

(f)     On February 22, 2012, Gibson was issued a written disciplinary warning and assessed a one-day unpaid suspension.  Gibson served his unpaid suspension on May 4, 2012.

## XII.

(a)     On or about March 13, 2012, Gibson lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Gibson for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## XIII.

(a)     Karl Wideman has been employed by Defendant from May of 1996 to the present date, as a customer service specialist (CSS) at Defendant's workplace located at 435 Ternstedt Lane in Columbus, Ohio 43228.

(b)     Mr. Wideman was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On August 24, 2012, Wideman reported a work-related injury to his supervisor, William Dunn.  Wideman suffered a smashed right middle finger on that date when his finger was caught in the sliding door of his work vehicle.  The door was faulty

and had a history of sticking.  The injury occurred at a worksite located at 1471 Peachtree Street, Columbus, Ohio.

(d)     As a result of the work-related injury, Wideman sought medical treatment and returned to work on August 29, 2012.

(e)     On September 4, 2012, Defendant conducted an investigation of Wideman's accident.  Defendant determined that Wideman was at fault though no specific safety rule was cited.

(f)     On September 20, 2012, Wideman was issued a written disciplinary warning and assessed a one-day unpaid suspension.  Wideman served his unpaid suspension on or about September 19, 2012.


**XIV.**

(a)     On or about October 2, 2012, Wideman lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Wideman for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

**XV.**

(a)     Larry Locy has been employed by Defendant for the past twelve years as a customer service specialist (CSS) at Defendant's workplace located at 4300 Appian Way, Columbus, Ohio 43230.

(b)    Mr. Locy was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)    On August 8, 2012, Locy reported a work-related injury to his supervisor, Robert Ginther.  Locy was bitten by a dog while working in a public alleyway in Columbus, Ohio.

(d)    Locy sought medical treatment for the dog bite on August 9, 2012, and was treated and released.

(e)    In August 2012, Defendant conducted an investigation of Locy's accident. Defendant determined that Locy had violated its policy on dog bite prevention; though no specific safety rule or section of the policy was cited.

(f)    On August 15, 2012, Locy was issued a written disciplinary warning and assessed a one-day unpaid suspension, which was served on August 23, 2012.

## XVI.

(a)    On or about August 24, 2012, Locy lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Locy for reporting a work-related injury.

(b)    Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

10

## XVII.

(a)     Ralph Halsey has been employed by Defendant for sixteen years as a customer service specialist (CSS) at Defendant's workplace located at 4300 Appian Way in Columbus, Ohio 43230.

(b)     Mr. Halsey was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On December 2, 2011, Halsey reported a work-related injury to his supervisor, Thomas Keenan, Jr.  The injury occurred while Halsey was removing a 28-foot extension ladder from a work area located at 1404 Brentnell Street, Columbus, Ohio. The ladder became caught in foliage and undergrowth, causing Halsey to pull muscles in his back and neck.

(d)     As a result of the work-related injury, Halsey sought medical treatment on December 2, 2012, and was not released back to work by his doctor until April 13, 2012.

(e)     On April 13, 2012, Defendant conducted an investigation of Halsey's accident.  Defendant determined that Halsey had violated its policy on safe use of ladders, though no specific safety rule or section of the ladder policy was cited.

(f)     On April 23, 2012, Halsey was issued a written disciplinary warning and assessed a three-day unpaid suspension, served beginning on that date.

11

## XVIII.

(a)     On or about April 26, 2012, Halsey lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Halsey for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## XIX.

(a)     Eric Adams has been employed by Defendant from 2008 to the present date, as a premises technician at Defendant's workplace located at 3083 Silver Drive in Columbus, Ohio 43224.

(b)     Mr. Adams was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On January 14, 2013, Adams reported a work-related injury to an acting supervisor, Michael Mitchell.  The injury occurred while Adams was working at a customer's residence at 1109 Vendomee Drive, Columbus, Ohio.  Adams slipped on a piece of clothing on a staircase, and fell, which resulted in bruising and contusions.

(d)     As a result of the work-related injury, Adams sought medical treatment on January 17, 2013, and returned to work on January 19, 2013.

(e)      On February 27, 2013, Defendant conducted an investigation of Adam's accident.  Defendant determined that Adams had violated its policy on "Trips, Slips and Falls," though no specific safety rule or section of the policy was cited.

(f)      Prior to the investigation, on January 21, 2013 Adams was issued a written disciplinary warning and assessed a one-day unpaid suspension, which he served on January 25, 2013.

## XX.

(a)      On or about February 12, 2013, Adams lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Adams for reporting a work-related injury.

(b)      Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## XXI.

(a)      William Bates has been employed by Defendant from 2010 to the present date, as a premises technician at Defendant's workplace located at 6401 Centennial Drive in Columbus, Ohio 43085.

(b)      Mr. Bates was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)      On January 17, 2013, Bates reported a work-related injury to an acting supervisor, Brian Van Horn.  The injury occurred while Bates was loading boxes into his

work vehicle at the start of his shift at the defendant's workplace.  Bates injured his upper left back, shoulder and neck while lifting the boxes.

(d)     As a result of the work-related injury, Bates sought medical treatment on January 18, 2013, and was not released back to work by his doctor until January 31, 2013.

(e)     Defendant did not conduct an investigation of Bates' accident.  However, Defendant determined that Bates had violated its policy on "Ergonomics in the Outside Plant," though no specific safety rule or section of the policy was cited.

(f)     On February 6, 2013, Bates was issued a written disciplinary warning and assessed a one-day unpaid suspension.  Bates served his unpaid suspension on February 12, 2013.


## XXII.

(a)     On or about February 12, 2013, Bates lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Bates for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## XXIII.

(a)     Timothy Lyons has been employed by Defendant for nineteen (19) years as a customer service specialist (CSS) at Defendant's workplace located at 219 North Uhrich Street, in Uhrichsville, Ohio 44683.

14

(b)     Mr. Lyons was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On August 27, 2012, Lyons reported a work-related injury to his supervisor, Kyle Lawrence.  The injury occurred while Lyons was performing repairs on a cable at a customer's premises at 226 N. Main Street, Uhrichsville, Ohio.  Lyons fell from a ladder and fractured his vertebrae.

(d)     As a result of the work-related injury, Lyons sought medical treatment and did not return to work for approximately six months.

(e)     On or about August 28, 2012, Defendant conducted an investigation of Lyons' accident.  Defendant determined that Lyons had violated its policy on safe use of ladders, though no specific safety rule or section of the ladder policy was cited.

(f)     On February 27, 2013, Lyons was issued a written disciplinary warning and assessed a one-day unpaid suspension.  Lyons served his unpaid suspension on March 14, 2013.

## XXIV.

(a)     On or about March 14, 2013, Lyons lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Lyons for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

15

## XXV.

(a)     John Light has been employed by Defendant for ten (10) years as a customer service specialist (CSS) at Defendant's workplace located at 3236 West 121st street in Cleveland, Ohio.

(b)     Mr. Light was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On May 8, 2012, Light reported a work-related injury to his supervisor, William Mclean.  The injury occurred the previous day, May 7, 2012, while Light was performing repairs at a work area located at 3252 W. 82nd Street, Cleveland, Ohio.  Light twisted his knee while positioning his ladder, resulting in a torn meniscus

(d)     As a result of the work-related injury, Light had surgery and returned to work in August 2012.

(e)     On May 8, 2012, Defendant conducted an investigation of Light's accident.  Defendant determined that Light had violated its policy on ladder usage, though no specific safety rule or section of the policy was cited.

(f)     On November 21, 2012, Light was issued a "final" written disciplinary warning and assessed a three-day unpaid suspension.  Light served his unpaid suspension on November 28 and December 4-5, 2012.

## XXVI.

(a)     On or about December 11, 2012, Light lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section

11(c) (1) of the Act, in that Defendant disciplined Light for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## XXVII.

(a)     Russell Boarman has been employed by Defendant from 1996 to the present date, as a customer service specialist (CSS) at Defendant's workplace located at 1100 East Waterloo Road in Akron, Ohio 44319.

(b)     Mr. Boarman was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act.

(c)     On March 20 2013, Boarman reported a work-related injury to his acting supervisor, Jeff Moore, in the absence of his direct supervisor, Shaun Gatt.  The injury occurred while Boarman was placing a fiber splicer case into his truck in order to repair the cable, at a work site located at the intersection of Tallmadge and Clyde Roads in Cuyahoga Falls, Ohio.  Boarman injured his left index finger when it was smashed between a window and the fiber splicer case.

(d)     As a result of the work-related injury, Boarman sought medical treatment on March 20, 2013, and returned to work on that date.

(e)     On March 21, 2013, Defendant conducted an investigation of Boarman's accident.  Defendant determined that Boarman had violated its policy on the use of personal protective equipment.

(f)     On April 10, 2013, Boarman received verbal notification of a pending one-day suspension and was issued a written disciplinary warning and assessed a one-day

unpaid suspension on April 11, 2013.  Boarman served his unpaid suspension on April 12, 2013.

## XXVIII.

(a)     On or about April 10, 2013, Boarman lodged a formal complaint with the Plaintiff alleging that the Defendant discriminated against him in violation of Section 11(c) (1) of the Act, in that Defendant disciplined Boarman for reporting a work-related injury.

(b)     Plaintiff thereafter investigated the above complaint in accordance with Section 11(c) (2) of the Act.

## XXIX.

As a consequence of the reports to Defendant about workplace injuries by Duff, Parente, Fensel, Morris, Gibson, Wideman, Locy, Halsey, Adams, Bates, Lyons, Light and Boarman (hereinafter "the Complainants") defendant did discriminate against the Complainants by issuing disciplinary warnings and suspending them without pay. Defendant has failed and refused and continues to fail and refuse to remove the disciplinary actions from Complainants' employment records and compensate them for the time they were suspended by Defendant.

## XXX.

By the acts described in Paragraphs III to XXVII above, Defendant did knowingly or maliciously discriminate and is discriminating against the Complainants because of

their exercise of rights under or related to the Act, and thereby did engage in, and is engaging in conduct in violation of Section 11(c) of the Act.

 **WHEREFORE**, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees and those persons in active concert or participation with it, from violating the provisions of Section 11(c)(1) of the Act, and for such other and further relief as may be necessary and appropriate.

 **FURTHER,** Plaintiff prays for judgment against Defendant, for payment of lost wages and benefits, including interest thereon, removal of the disciplinary actions from Complainants' records, expunction of any mention of their protected activity, if any, from their employment records, the posting of a notice for employees stating that Defendant will not in any manner discriminate against employees because of their engagement in protected activities under Section 11(c) of the Act, for such other and further relief as may be necessary and appropriate,  and for costs.

      Respectfully submitted,


      <u>s/Sandra B. Kramer</u>
      SANDRA B. KRAMER (0002071)
      Sr. Trial Attorney
      U.S. Department of Labor
      881 Federal Office Building
      1240 East Ninth Street
      Cleveland, Ohio 44199
      (216) 522-3876; 522-7172 Fax
      E-mail:<u>Kramer.Sandra@dol.gov</u>

      OF COUNSEL:

      **BENJAMIN T. CHINNI**
      Associate Regional Solicitor