**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Thomas E. Perez,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:14-cv-269 |
| v. | : | |
| | : | |
| **The Ohio Bell Telephone Company,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## <u>ANSWER OF DEFENDANT</u>

In answer to Plaintiff's Complaint in this action, Defendant The Ohio Bell Telephone Company ("Ohio Bell" or "Defendant") by counsel, hereby states as follows:

### I.

The allegations in the introductory Paragraph of the Complaint and in Paragraph I of the Complaint call for a legal conclusion, and therefore no response is required. Further answering, Defendant denies that the events as alleged in the Complaint took place, denies that Plaintiff has any viable claims against it, denies that Plaintiff is entitled to any relief including but not limited to any form of injunctive relief, and denies any remaining allegations in the introductory Paragraph and in Paragraph I of the Complaint.

### II.

Defendant admits that for the time pertinent to the allegations in the Complaint it was engaged in providing communications and entertainment services at various locations throughout Ohio, with a main office at 45 Erieview Plaza, Cleveland, Ohio, 44114, within the jurisdiction of this Court.

## III.

(a)      Answering Paragraph III(a), Defendant admits that William Duff commenced his employment with Defendant in approximately 1996 and that he most recently worked at Defendant's workplace located at 3522 Middle Branch Road in Canton, Ohio  44705.

(b)      The allegations contained within Paragraph III(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)      Answering Paragraph III(c) of the Complaint, Defendant admits that William Duff reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)      Answering Paragraph III(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)      Answering Paragraph III(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Duff violated company policy. Defendant denies any remaining allegations contained in Paragraph III(e) of the Complaint

(f)      Defendant admits the allegations in Paragraph III(f) of the Complaint.

## IV.

(a)      Answering Paragraph IV(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

2

(b)     Answering Paragraph IV(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## V.

(a)     Answering Paragraph V(a) of the Complaint, Defendant admits that John Parente commenced his employment with Defendant in approximately 1994 and that he most recently worked at Defendant's workplace located at 1055 Valley Belt Road in Brooklyn Heights, Ohio 44131.

(b)     The allegations contained within Paragraph V(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph V(c) of the Complaint, Defendant admits that John Parente reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph V(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)     Answering Paragraph V(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Parente violated company policy. Defendant denies any remaining allegations contained in Paragraph V(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph V(f) of the Complaint.

3

## VI.

(a)     Answering Paragraph VI(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)     Answering Paragraph VI(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## VII.

(a)     Answering Paragraph VII(a) of the Complaint, Defendant admits that Todd Fensel commenced his employment with Defendant in approximately 2001 and that he most recently worked at Defendant's workplace located at 1055 Valley Belt Road in Brooklyn Heights, Ohio  44131.

(b)     The allegations contained within Paragraph VII(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph VII(c) of the Complaint, Defendant admits that Mr. Fensel reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph VII(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

4

(e)      Answering Paragraph VII(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Fensel violated company policy. Defendant denies any remaining allegations contained in Paragraph V(e) of the Complaint.

(f)      Defendant admits the allegations in Paragraph VII(f) of the Complaint.

## VIII.

(a)      Answering Paragraph VIII(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)      Answering Paragraph VII(b) of the Complaint, Defendjant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## IX.

(a)      Answering Paragraph IX(a) of the Complaint, Defendant admits that Rodd Morris commenced his employment with Defendant in approximately November 1999 and that he most recently worked at Defendant's workplace located at 7250 Whipple Avenue NE in Canton, Ohio 44720.

(b)      The allegations contained within Paragraph IX(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)      Answering Paragraph IX(c) of the Complaint, Defendant admits that Mr. Morris reported an injury to Defendant.  Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph IX(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)     Answering Paragraph IX(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Morris violated company policy. Defendant denies any remaining allegations contained in Paragraph IX(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph IX(f) of the Complaint.

## X.

(a)     Answering Paragraph X(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)     Answering Paragraph X(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XI.

(a)     Answering Paragraph XI of the Complaint, Defendant admits that Andrew Brian Gibson commenced his employment with Defendant in approximately January 2001 and that he most recently worked at Defendant's workplace located at 4225 State Route 160 in Gallipolis, Ohio  45631.

(b)     The allegations contained within Paragraph XI(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph XI(c) of the Complaint, Defendant admits that Mr. Gibson reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph XI(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)     Answering Paragraph XI(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Gibson violated company policy. Defendant denies any remaining allegations contained in Paragraph XI(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph XI(f) of the Complaint.

## XII.

(a)     Answering Paragraph XII(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)     Answering Paragraph XII(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XIII.

(a)     Answering Paragraph XIII(a) of the Complaint, Defendant admits that Karl Wideman commenced his employment with Defendant in approximately May 1996 and that he most recently worked at Defendant's workplace located at 435 Ternstedt Lane in Columbus, Ohio 43228.

(b)     The allegations contained within Paragraph XIII(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph XIII(c) of the Complaint, Defendant admits that Mr. Wideman reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph XIII(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)     Answering Paragraph XIII(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Wideman violated company policy.  Defendant denies any remaining allegations contained in Paragraph XIII(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph XIII(f) of the Complaint.

## XIV.

(a)    Answering Paragraph XIV(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)    Answering Paragraph XIV(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XV.

(a)    Answering Paragraph XV of the Complaint, Defendant admits that Larry Locy commenced his employment with Defendant approximately twelve years ago and that he most recently worked at Defendant's workplace located at 4300 Appian Way, Columbus, Ohio 43230.

(b)    The allegations contained within Paragraph XV(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)    Answering Paragraph XV(c) of the Complaint, Defendant admits that Mr. Locy reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)    Answering Paragraph XV(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)      Answering Paragraph XV(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Locy violated company policy.  Defendant denies any remaining allegations contained in Paragraph XV(e) of the Complaint.

(f)      Defendant admits the allegations in Paragraph XV(f) of the Complaint.

## XVI.

(a)      Answering Paragraph XVI(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)      Answering Paragraph XVI(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XVII.

(a)      Answering Paragraph XVII(a) of the Complaint, Defendant admits that Ralph Halsey commenced his employment with Defendant approximately for sixteen years ago and that he most recently worked at Defendant's workplace located at 4300 Appian Way, Columbus, Ohio 43230.

(b)      The allegations contained within Paragraph XVII(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)      Answering Paragraph XVII(c) of the Complaint, Defendant admits that Mr. Halsey reported an injury to Defendant.  Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph XVII(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)     Answering Paragraph XVII(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Halsey violated company policy.  Defendant denies any remaining allegations contained in Paragraph XVII(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph XVII(f) of the Complaint.

## XVIII.

(a)     Answering Paragraph XVIII(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)     Answering Paragraph XVIII(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XIX.

(a)     Answering Paragraph XIX(a), Defendant admits that Eric Adams commenced his employment with Defendant in approximately from 2008 and that he most recently worked at Defendant's workplace located at 3083 Silver Drive in Columbus, Ohio  43224.

(b)     The allegations contained within Paragraph XIX(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph XIX(c) of the Complaint, Defendant admits that Mr. Adams reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph XIX(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)     Answering Paragraph XIX(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Adams violated company policy.  Defendant denies any remaining allegations contained in Paragraph XIX(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph XIX(f) of the Complaint.

## XX.

(a)     Answering Paragraph XX(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)     Answering Paragraph XX(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XXI.

(a)    Answering Paragraph XXI(a) of the Complaint, Defendant admits that William Bates commenced his employment with Defendant in approximately 2010 and that he most recently worked at Defendant's workplace located at 6401 Centennial Drive in Columbus, Ohio 43085.

(b)    The allegations contained within Paragraph XXI(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)    Answering Paragraph XXI(c) of the Complaint, Defendant admits that Mr. Bates reported an injury to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)    Answering Paragraph XXI(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)    Answering Paragraph XXI(e) of the Complaint, Defendant denies that it did not conduct an investigation. Defendant admits that it determined that Mr. Bates violated company policy. Defendant denies any remaining allegations contained in Paragraph XXI(e) of the Complaint.

(f)    Defendant admits the allegations in Paragraph XXI(f) of the Complaint.

**XXII.**

(a)     Answering Paragraph XXII(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)     Answering Paragraph XXII(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

**XXIII.**

(a)     Answering Paragraph XXIII(a) of the Complaint, Defendant admits that Timothy Lyons commenced his employment with Defendant approximately 19 years ago, and that he most recently worked at Defendant's workplace located at 219 North Uhrich Street in Uhrichsville, Ohio  44683.

(b)     The allegations contained within Paragraph XXIII(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph XXIII(c) of the Complaint, Defendant admits that Mr. Lyons reported an injury to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph XXIII(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

14

(e)     Answering Paragraph XXIII(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Lyons violated company policy.  Defendant denies any remaining allegations contained in Paragraph XXIII(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph XXIII(f) of the Complaint.

## XXIV.

(a)     Answering Paragraph XXIV(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)     Answering Paragraph XXIV(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XXV.

(a)     Answering Paragraph XXV(a) of the Complaint, Defendant admits that John Light commenced his employment with Defendant approximately 10 years ago, and that he most recently worked at Defendant's workplace located at 3236 West 121st Street in Cleveland, Ohio.

(b)     The allegations contained within Paragraph XXV(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph XXV(c) of the Complaint, Defendant admits that Mr. Light reported an injury to Defendant.  Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)      Answering Paragraph XXV(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)      Answering Paragraph XXV(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Light violated company policy.  Defendant denies any remaining allegations contained in Paragraph XXV(e) of the Complaint.

(f)      Defendant admits the allegations in Paragraph XXV(f) of the Complaint.


## XXVI.

(a)      Answering Paragraph XXVI(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)      Answering Paragraph XXVI(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.


## XXVII.

(a)      Answering Paragraph XXVII(a) of the Complaint, Defendant admits that Russell Boarman commenced his employment with Defendant in approximately 1996 and that he most

recently worked at Defendant's workplace located at 1100 East Waterloo Road in Akron, Ohio 44319.

(b)     The allegations contained within Paragraph XXVII(b) of the Complaint call for a legal conclusion, and therefore no response is required.

(c)     Answering Paragraph XXVII(c) of the Complaint, Defendant admits that Mr. Boarman reported an injury to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as plead herein, and therefore denies the same.

(d)     Answering Paragraph XXVII(d) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(e)     Answering Paragraph XXVII(e) of the Complaint, Defendant admits that it conducted an investigation, and further admits that it determined that Mr. Boarman violated company policy. Defendant denies any remaining allegations contained in Paragraph XXVII(e) of the Complaint.

(f)     Defendant admits the allegations in Paragraph XXVII(f) of the Complaint.

## XXVIII.

(a)     Answering Paragraph XXVIII(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

(b)      Answering Paragraph XXVII(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## XXIX.

Defendant denies the allegations in Paragraph XXIX of the Complaint.

## XXX.

Defendant denies the allegations in Paragraph XXX of the Complaint.


Defendant further denies each and every allegation set forth in the Complaint which has not been expressly admitted as true by Defendant in the foregoing Answer.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint or to any other relief of whatever kind or nature, at law or in equity.


## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the allegations contained therein fail to state a claim upon which relief may be granted against Defendant.

### SECOND DEFENSE

All actions taken by Defendant, its representatives and employees, with respect to the individuals referenced in Plaintiff's Complaint, and the terms and conditions of their employment, have been for legitimate business considerations and have been taken in good faith, without any malice and without any intent to injure or harm, and therefore, are not violative of any statute or common law.

## THIRD DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to entitle Plaintiff to recover the remedies sought, whether general, compensatory, punitive, exemplary, equitable, injunctive, and/or attorney's fees and costs, from Defendant.

## FOURTH DEFENSE

Any injuries, damages, and/or losses claimed in Plaintiff's Complaint resulted, in whole or in part, from the actions of others for which Defendant does not bear responsibility.

## FIFTH DEFENSE

Plaintiff's claims for relief should be dismissed to the extent that remedies were not exhausted.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine(s) of waiver, accord and satisfaction, release, arbitration and award, laches, after-acquired evidence, res judicata or collateral estoppel/claim or issue preclusion, election of remedies, preclusion, and/or unclean hands.

## EIGHTH DEFENSE

All actions taken by Defendant were lawful, proper, reasonable and appropriate.

## NINTH DEFENSE

Plaintiff's allegations in the Complaint, and the relief sought in the Complaint, are moot.

Defendant reserves the right to assert additional defenses, as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, having answered, Defendant requests that Plaintiff's Complaint be dismissed, with prejudice, and in its entirety; that judgment be entered against Plaintiff and in favor of Defendant for all costs and attorney's fees incurred in defending this action, and that Defendant be granted such other further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Thomas M.L. Metzger*
Thomas M. L. Metzger (0059694)
LITTLER MENDELSON, P.C.
21 East State Street
16th Floor
Columbus, OH  43215
Telephone: 614.463.4201
Facsimile: 614.221.3301
*Attorneys for Defendant*
*The Ohio Bell Telephone Company*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing *Answer of Defendant* has been filed via the electronic filing system on the 14th day of April 2014.  Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

/s/ *Thomas M.L. Metzger*
Thomas M.L. Metzger

Firmwide:126330140.1 056169.1110

21